LITTLE
ROCK,
BLACK
vs.
PERCIFIELD

MARY BLACK *against* JOHN PERCIFIELD.

ERROR *to Pulaski Circuit Court.*

Where a purchaser at auditor's sale of land stricken off to the Territory of Arkansas for non-payment of taxes, filed his petition for confirmation of title to the land so purchased, under the 149th chapter of the Revised Code, a person will not be permitted to defend, who claims by answer to do so merely as "tenant in possession:" and a demurrer to such answer is properly sustained.

In such case the legal presumption is, that the person answering holds under the purchaser and is his tenant, or a mere tort feasor.

Unless the possession of such respondent is adverse to the purchaser, she has no right to oppose the confirmation.

In the court below, the defendant in error filed his petition, praying for a confirmation to him of the title to a certain tract of land purchased by him at a sale made by the Auditor of the Territory of Arkansas, in pursuance of an Act of the General Assembly of said Territory, approved the 15th of November, A. D. 1833; which confirmation was asked under the provisions of chapter CXLIX of the Revised Statutes.

To this petition the plaintiff in error filed her answer, setting up the facts that she was in possession of said land, and that the said Auditor's sale was utterly void, and conveyed no title to the defendant in error for reasons therein stated. To this answer the defendant in error demurred; and the demurrer being sustained, a decree was entered for a confirmation of the title to said land to the defendant in error.

CUMMINS & PIKE, for the plaintiff in error:

The plaintiff in error conceives the court to have erred in sustaining said demurrer. The ground upon which it was sustained was, that the plaintiff in error, setting up no title to said land, and claiming only to be in possession thereof, she had no such interest in the land as entitled her to be heard in opposition to the motion of the defendant in error to confirm.

Possession is in law considered as an interest in land, and the lowest grade of title: The possessor can hold his possession against all the world, except the rightful owner; and whoever would evict him must be prepared with proof that indisputable title is in himself. The high-

est court in the country has declared that "any person who has an interest in land sold for taxes, is properly considered the owner thereof for the purposes of redemption;" that "any right which, in law or equi ty, amounts to an ownership in the land, any right of entry upon it, to its *possession* or *enjoyment*, or any part of it, which can be deemed an estate in it, makes the possessor the owner so far as is necessary to give him the right to redeem." 10 *Peters' Rep. Sup. Ct.* 1. The Supreme Court of New York has declared that " possession is an interest in the lands, within the Statute of frauds." 7 *Johns. Rep.* 205. The laws of this State provide that any person who has resided on public land for the term of one year, shall have such an interest therein as will enable him to maintain his action of forcible entry and detainer for its possession. The courts of Kentucky have declared that possession is always evidence of title. It may be explained away by extraneous evidence, but in the absence of all other evidence, the fact of a plaintiff in ejectment having been once in possession, will be sufficient *prima facie*, to authorize a recovery against an intruder. 3 *Marsh.* 394, 623. By the common law, possession *alone* communicated a good title. 2 *Tenn. Rep.* 185.

If it is admitted that a person in possession of land has such an interest and estate therein as gives him the right to redeem when it has been sold for taxes, it would seem to follow as of course that he has the right to oppose a confirmation of the title acquired by such sale for taxes, unless deprived of that right by positive and express statutory enactment. Is there such an enactment? Up to the time of the passage of the act of 1836, the plaintiff in error had the right to redeem the land in question. She had the undoubted right to defend an action of ejectment brought for it by the defendant in error, or any other person, against all the world but the true owner. She had a vested estate and interest in the land, a vested right under the laws of the land. Could a law be constitutionally enacted to wrest from her that right? If so, could not a law be enacted, divesting the patentee of absolute title acquired by purchase from the government? Is one right, one interest more sacred and inviolable than the other? If her possession had been adverse to the right owner for seven years, it gave her the absolute title in fee simple. A Statute may change a rule of evidence, or modify the remedy: can it divest a vested estate? An examination of the Statute will show that such was not the intention of the Legislature. It provides that any person who claims title to

AA

LITTLE
ROCK,
Jan'y 1839

BLACK
vs.
PERCEFULL
land by purchase at sales made by Sheriffs, Auditors, &c. for taxes, may obtain a confirmation of such title in the Circuit Court, by motion, having first given notice, in the shape of a publication, a certain time before making such motion, calling upon all persons " who can set up any title to said lands, in consequence of any irregularity, informality, &c. in the sale, to come forward, and oppose the motion for confirmation." What is the meaning of the expression, " who can set up any title to the land, in consequence of any irregularity or informality ?"— Title to land cannot be acquired by A, B, or C, merely in consequence of an irregularity in the sale of it for the taxes; and therefore the expression, " title in consequence of irregularity, &c." is somewhat inaccurate. An irregularity or informality in the sale could not confer any title to the land upon an entire stranger. What, then, is the meaning of the law? Clearly, that any person who has a right to hold the possession of the land in case the purchaser has obtained no title, because of informality, &c. may come forward and defend his right of possession. The possessor can set up title to the land against the purchaser, as well as the actual owner could do; for, as against all the world beside, the possessor has as much right to keep possession as the actual owner has. The plaintiff in error, therefore, comes forward, and says, " I am in possession of the land in dispute. You claim to evict me, and the deed under which you claim is void." Can the court say that she shall not be permitted to show wherein the deed under which he claims is void?

Undoubtedly the Statute has changed the rule of evidence: until the passage of that Statute, the law of evidence as to tax titles was the same in this State as it still is in every other State in the Union.— The claimant under tax sales was bound to make out his claim of title, and to show that all the requisites of the law had been complied with. The mere deed of the Auditor or Sheriff was not even *prima facie* evidence of his title. By that Statute it is made so. It is thereby devolved upon the person holding in opposition to the tax title to show the irregularity or informality, if any there be, in the tax sale. This is somewhat hard. It is difficult to prove a negation that the requisites of the law have not been complied with.

But the Statute meant to go no farther. It only intended to throw the burden of the proof upon the defendant in ejectment for, or motion to confirm title to, lands sold for taxes. It did not take away from those defendants the right of defending. If it did so intend, manifest

injustice would result.   A person in possession of one tract of land will be entitled to have possession until some person shows a good and valid title thereto.   Of the possession of another tract, he may be ousted without any such showing of title; for, as in the present case, the title to the land may first be confirmed to the adverse claimant, after the person in possession has been denied the right of showing that the claimant has no title whatever, and then the claimant may bring his ejectment for the land.   True, the possessor may then defend, but his defence would be but a mockery.   The decree of the court, which had already confirmed the land absolutely to the claimant, would be conclusive upon him, and could not be contravened; for the court would at once say, "it has been made by a competent court under sanction of law.   The title is by that court decreed to be in your opponent, and this court cannot look back into that adjudication.— *Then* was your time to have defended."

It would therefore result in this:   The plaintiff in error is in the peaceable possession of a tract of land.   A motion is made by a claimant under a tax sale for an absolute confirmation of the title to the land to himself.   All persons who can set up *any* title to the land, are called on to come forward and oppose the confirmation.   The plaintiff in error comes forward, shows that she is in possession, and avers that the claimant has no title to the land, because the sale was void.   The court refuses to permit her to be heard.   The title is confirmed.   The defendant in error brings his action of ejectment, and upon this decree of confirmation, she is turned out of possession.   Yet the defendant in error by his demurrer had allowed all the facts stated in the answer to be true, and if so he has no title.

If the Statute *has* declared that the person in the possession of land shall not be allowed to defend, could it not as well have declared that the actual owner, or original patentee, should not be allowed?   One right is as sacred as another.   Can any one in this country be divested of his rights, and his property taken from him by a procedure to which he is not permitted to be a party?   Such is not the spirit of our fabric of laws.   The *terre tenant* must as necessarily be made a party as the owner, for, as against every person but the owner, he had the right to maintain his possession, and the law infers him to be the owner till the contrary is shown.

If the plaintiff in error should have been made a party before her rights were jeopardized, the demurrer was wrongfully sustained.   The

LITTLE
ROCK,
Jan'y 1839

BLACK
*vs.*
PERCEFULL
defendant in error had made all persons who could set up *any* title, parties to his procedure by publication. Can he now be allowed to say that no person shall defend but the patentee, his heirs, or assigns. It may be that they are barred by the Statute of limitations. At all events, their rights are more peculiarly the care of the law, than the rights of the plaintiff in error—which is respectfully submitted.

TRAPNALL & COCKE, *contra:*

The demurrer was properly sustained, and judgment of confirmation properly given; because the plaintiff in error did not show that she was the original patentee, or in anywise owner of the said tract of land; nor did she bring herself within the meaning of the act as a person who could appear, and contest the confirmation.

A large proportion of the land north-west of the Arkansas is owned by soldiers of the late War, the great majority of whom are non-residents. These lands had been sold for taxes, and in the absence of all other purchasers conveyed to the State. By the decisions of the Supreme Court of the United States, as well as many of the States, the tax title had become a precarious, if not untenable tenure; and therefore individuals would not purchase, and of course a considerable part of the revenue of the State became wholly unavailable: and from this fact some fifteen or twenty thousand dollars were annually lost to the government. Sound policy imperiously required that the Legislature should adopt some effective means to obviate this public difficulty, and therefore the act of 1836 was passed. This act supplies the presumption in favor of the acts of public officers, the want of which had previously overset the tax titles. The Supreme Court had decided that the Auditor's deed affords no presumption that the sale had been made according to law. This act says that the Auditor's deed hereafter shall be evidence prima facie that the public officers in making the sale, &c. had complied with the provisions of the law.— There can be no doubt of the constitutional right of the Legislature to pass this law; and having passed it, it is now the law of the land, and to be enforced accordingly. The owners of the land are called on to object to the confirmation of the tax title for any illegality or irregularity in the previous proceedings. It will be necessary to determine who is authorized by this act to make objections to the confirmation. Before the purchase by *Percefull* from the State, there could be but two claimants to the land, to wit: the original bounty

holder and his heirs or assigns, claiming under the patent of the United States, on the one hand, and the Territory, now the State of Arkansas, on the other. At the time of the sale and conveyance by the Sheriff to the State, no other person could have title. After the sale no other person could have acquired title adverse to the State. A person, therefore, to be owner of this land must have acquired their right either through the original patentee, or fraud the State. From which of these sources *Mary Black* acquired her claim, she has not thought proper to state. What right has she? It does not appear. There can be no presumption she has a claim or right to the land, and therefore she must show she has a legal interest in it. The mere fact that she is a squatter can give her none. Because she cannot hold adverse to the State, and the court ought not and will not entertain her objections until she shows a legal right to make them, she says she is tenant in possession. Whose tenant is she? If she is tenant under the State, she cannot object to the title of the State, or to that of *Percefull*, who has purchased from the State.

DICKINSON, *Judge*, delivered the opinion of the Court:

The defendant in error filed his petition, praying for the confirmation of a certain tract of land, purchased by him at a sale made by the Auditor of the Territory of Arkansas, in pursuance of an act of the General Assembly, approved the 15th of November, A. D. 1833; which confirmation was prayed for under the provisions of an act of the Legislature of the State, passed November the 3rd, 1836. To to this petition the plaintiff in error filed her answer, stating that she was tenant in possession of the land sought to be confirmed by the defendant in error, and that the Auditor's sale was utterly void, and conveyed no title for the land for the reason therein stated. From this answer the defendant in error demurred. And the demurrer being sustained, a decree was entered up for a confimation of the land to the defendant in error. The only question presented for our consideration is—has the plaintiff in error showed such right or title as would authorize her to come in and be made party to the record, and defend against the confirmation of the petitioner. This question can alone be decided by reference to the act prescribing the mode of confirming the title to land sold under the laws of this State, and by the general rules of construction and interpretation, which are applicable to the Statute. Does her answer show such right and title as would authorize her to become a party to this suit, or as will enable her to come in and oppose the

LITTLE
ROCK,
Jan'y 1839

BLACK
*vs.*
FERCEFULL

purchaser's confirmation? The petitioner or purchaser has set forth his title according to the requisitions of the Statute, and followed the rules and regulations, with precision and certainty.

The defendant in the court below simply avows in her plea that she is *tenant in possession.* Is this such an allegation as shows that she has such an interest in the matter as is contemplated by the act under which the confirmation is made? It is true, as contended by the plaintiff in error, that any person who has a legal or equitable interest in lands sold for taxes, is properly considered the owner thereof for purposes of redemption, and that any right which in law or equity amounts to an ownership in the land, or any right of entry upon it, to its possession or enjoyment, or any part of it, which can be deemed an estate, makes the possessor owner of it, so far as is necessary to give him a right to redeem. 10 *Peters's R. p.* 1. And that possession will constitute a a certain interest in land for particular purposes and objects, cannot be denied. For instance, he who holds the possession either active or constructive, may maintain trespass, ejectment, and forcible entry and detainer. But how do these principles affect the question now to be decided? What kind of possession does the plaintiff in error set up in her answer. Has she a freehold a term of years, is she tenant by will or by sufferance, or what kind of interest or right has she in the premises? It is presumed that every possession is lawful, and that it cannot be disturbed or interrupted without authority of law. A party has no right to be made a defendant upon the record, unless they have a legal or equitable interest in the matter in controversy, and that interest or right they are bound to show; for the facts being within their own knowledge they should state them fully, that the court may see what judgment to give. In the present case the plaintiff in error has wholly failed to show any right to the land in controversy, and unless she does show some right, she is not authorized to come in and defend against the confirmation; for the words of the act are, "That the purchaser or heirs and legal representatives of purchasers at all such sales, which have been, or may hereafter be made when such lands are not made redeemable by the laws of the State; or if redeemable, may at any time after the expiration of the term allowed for such redemption, publish six weeks in succession in some newspaper printed at the City of Little Rock, a notice calling upon persons who can set up any right to the land so purchased, in consequence of any informality or any irregularity connected with such sale, to show cause at

the first Circuit Court which may be held for the county in which such lands are situated, six months after the publication of such notice, why the sale so made should not be confirmed." See *Acts of* 1836, *p.* 200. In her plea, by way of answer, she does not aver how, or in what manner she came by the possession, or under whom she holds, or whether her possession is adverse to the petitioner's or not. The duty devolves upon her to show the kind and character of the possession, and if she has failed to do so, the legal presumption is, that she either holds under the petitioner, and is his tenant by lease and entry, or that she is a mere tort feacor, without any shadow or pretext of right; and in either event, she surely is not entitled to the privilege of opposing the confirmation. The defendant shows by his petition that he is the purchaser of the land, and of course its legal proprietor until his right is disputed and overthrown by a paramount title. How has the plaintiff in error contested her right? Has she shown or alleged any adverse possession? Or has she averred a peaceable or an uninterrupted possession of the premises for such a length of time as will raise the presumption of right? Neither of these facts are stated or averred: what then is the legal presumption? It is not pretended that she claims under a deed from the original patentee, or from any person having any previous claim or title to the land. And if her possession is not adverse to the petitioners, has she any right or authority to oppose the confirmation? Certainly not. It has been often ruled in this court, that the decision of the court must be presumed to be correct until the contrary is proved. That presumption must stand until it is overthrown affirmatively by some allegation in the record, as made up by the pleadings, or by some other fact which the court is bound judicially to take notice of. This being the case, it necessarily follows that the plaintiff in error has wholly failed to show any such title in the land purchased by the petitioner, as could authorize her to be made a party to the suit; and consequently the demurrer was rightfully sustained, and the decree of the Circuit Court confirming the land to the petitioner must, therefore, be affirmed with costs.